**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 3 2009

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK HOGAN                                          PLAINTIFF/
COUNTERDEFENDANT

VS.                          CASE NO. 3:08CV73WRW

CERTAIN UNDERWRITERS
AT LLOYDS, LONDON                                   DEFENDANT/
COUNTERCLAIMANT

## ORDER

On February 11, 2009, this Court conducted a telephonic hearing and considered numerous issues raised by the parties. These issues included the adequacy of Defendant's responses and objections to Plaintiff's first set of Interrogatories and Requests for Production of Documents; the applicability and scope of Defendant's assertions of attorney-client privilege related to Mark Breeding; and the ability of Mr. Rick Eley to reference or rely upon the investigation and report of Lonnie Buie, deceased.

After hearing argument from counsel and considering same, the Court hereby ORDERS as follows:

1. With respect to Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents, the Court hereby orders that Defendant, on or before February 18, 2009, comply with the following:

(A) Defendant shall respond fully and completely to Interrogatory 7(b).

(B) Defendant shall respond fully and completely to Request For Production 14

      either by stating that no such policy, procedure, guidelines or handbooks exist or by producing the same

(C)    Defendant shall respond fully and completely to Request for Production 15 by producing all remaining photos taken by Rick Eley and all other responsive documents

(D)    Defendant shall respond fully and completely to Request for Production 16 by confirming that all responsive documents have been produced.

(E)    With respect to Interrogatory No.3, Defendant shall identify the specific underwriters referenced in Defendant's previous response and provide all information requested with respect to these individuals.

(F)    With respect to Interrogatory No. 4, Plaintiff has agreed to limit this request to lawsuits within the previous five years involving bad faith in connection with a fire loss. Within seven days, Defendant will either provide this information or provide further specific and detailed support to the Court evidencing the alleged undue burden of producing this information.

(G)    In response to Interrogatory No. 8, Defendant has represented that, in response, it relies solely upon an April 2007 letter that was sent to the Arkansas State Police and the testimony of Mark Breeding. Mr. Breeding's testimony can be explored during his deposition.

(H)    With respect to Interrogatory No. 9 and all other interrogatories and requests

2

      for production of documents wherein Defendant reserved the right to supplement, the Court hereby orders that all such supplementation shall take place within seven days.

2. With respect to Plaintiff's Motion to exclude reference to the report or opinion of Lonnie Buie, Plaintiff's Motion is Denied. Defendant, however, is hereby ordered to submit to the Court a list of questions and Mr. Eley's anticipated responses regarding Mr. Buie's investigation, report, or opinions. This submission shall occur within seven days. The Court reserves the opportunity to revisit this issue at that time.

3. With respect to Defendant's assertion of the attorney-client privilege related to witness, Mark Breeding, Defendant shall submit to the Court all documents withheld on the basis of privilege within seven days. Additional supporting authority, if necessary, shall be submitted to the Court no later than 5:00 p.m. Friday, February 13, 2009. Defendant concedes that work product privilege is not being asserted. The Court will review the documents and enter an Order regarding the applicability and/or waiver of the attorney-client privilege with respect to documents authored by or received by Mr. Breeding. The Court will also address the extent of the privilege, if any, and the effect on the scope of Mr. Breeding's testimony at deposition and trial. The deposition of Mark Breeding will be rescheduled to occur after the Court's ruling on this issue.

IT IS SO ORDERED THIS 23rd day of February, 2009

                                                                         /s/ Wm. R. Wilson, Jr.
                                                    Honorable William R. Wilson
                                                    UNITED STATES DISTRICT JUDGE