IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK HOGAN                                                                                          PLAINTIFF

v.                                          3:08CV00073-WRW

CERTAIN UNDERWRITERS                                                                      DEFENDANT
AT LLOYDS LONDON

## ORDER

A teleconference in this case was held on February 11, 2009. One of the issues discussed during the teleconference was whether Defendant could claim attorney client privilege with respect to certain correspondence from Mr. Mark Breeding, an attorney retained by Defendant who Defendant intends to call as a witness at trial. Plaintiff asserts that Defendant cannot claim the privilege in connection with correspondence between: Mr. Breeding and Jaegar+Hines, Inc. -- Defendant's authorized representative in Fayetteville, Arkansas; Mr. Breeding and Bell&Clements -- Defendant's authorized representative in London, England; and between Jaegar+Hines, Inc. and Bell&Clements. Plaintiff also contends that Defendant cannot claim the privilege with respect to certain claims routing sheets. Defendant maintains that the disputed correspondence is privileged, as are the claims routing sheets.

During the teleconference, I asked to see to the disputed documents. After reviewing the documents *in camera*, I find that the documents are indeed privileged.

This is a diversity case in which Arkansas law governs the substantive claims.[1] Rule 501 of the Federal Rules of Evidence reads: "[I]n civil actions and proceedings, with respect to an

---

[1] Plaintiff's Complaint alleges breach of contract and bad faith. Doc. No. 3.

element of a claim or defense as to which State law supplies the rule of the decision, the privilege of witness, [or] person . . . shall be determined in accordance with State law."[2] Thus, Arkansas law governs questions of privilege.

Rule 502 of the Arkansas Rules of Evidence reads, in part:

(b) General Rule of Privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

(c) Who May Claim the Privilege. The privilege may be claimed by the client . . . .[3]

Under the language of the Federal and Arkansas Rules of Evidence, Defendant may assert the privilege with respect to the correspondence and claims routing sheets.

Plaintiff asserts that even if the documents are privileged, Defendant has waived the privilege by calling Mr. Breeding as a witness in the case. I disagree.

Defendant's letter dated February 10, 2009, sets out the questions Defendant anticipates asking Mr. Breeding at trial. None of the expected questions involve the privileged communications. The privilege belongs to the client; a client does not waive the privilege by calling an attorney to testify when the anticipated testimony involves only factual matters and does not involve protected communications.

---

[2] Fed. R. Evid. 501.

[3] Ark. R. Evid. 502.

Accordingly, the documents Defendant produced to the Court are privileged, and Defendant has not waived the privilege by identifying Mr. Breeding as a witness.

IT IS SO ORDERED this 2nd day of March, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE